**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**DEBRA BROCKINGTON**                                                                **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 2:07cv1**

**CIRCUS CIRCUS MISSISSIPPI, INC. d/b/a
GOLD STRIKE CASINO RESORT**                           **DEFENDANT**

### ORDER

With regard to the motions in limine presently pending in the above-entitled action, the court rules as follows:

1. Defendant's motion in limine [38-1] to "exclude all evidence, argument, and/or conduct that the Defendant's employment policies are unfair or unjust" will be denied. In the court's view, this motion is overbroad, and the concerns raised therein can be more appropriately addressed by making specific objections at trial.

2. Defendant's motion in limine [39-1] to exclude improper religious references will be granted. The court hereby adopts the limitations it established in *Whitfield v. Harris*, 474 F. Supp. 2d 822 (N.D. Miss. 2007), as follows:

> It is therefore ordered that it is prohibited for any counsel to mention or refer to any deity or make any religious reference in such a manner as can reasonably be construed to indicate that the jury should consider the teachings or beliefs of the deity or any religious references in addition to or to the exclusion of the law. Counsel are further prohibited from making any reference to the religious beliefs or affiliations of any party or counsel in such a manner as can reasonably be construed to indicate that the jury should consider the religious beliefs or affiliations of the party, unless such matters are probative of an issue raised at trial.

*Id.* at 825.

3. Defendant's motion in limine [40-1] to "exclude all evidence, argument, and/or

conduct pertaining to Plaintiff's claims of sexual harassment, stalking and other complaints of her work environment unrelated to her claim for retaliation" will be granted. Defendant acknowledges in its motion that it would be appropriate for plaintiff to present evidence establishing the basic fact that a sexual harassment complaint was made in this case. The court agrees with defendant, however, that evidence regarding the specific details of any such alleged harassment would be inappropriate in light of the prior dismissal of those claims.

   4. Defendant's motion in limine [41-1] to "exclude all evidence, argument, or conduct regarding Plaintiff's failed relationship with former boyfriend Ed Ogden" will be granted in part and denied in part. The court will, consistent with its ruling on the prior motion in limine, allow <u>limited</u> testimony to be presented establishing that plaintiff had experienced difficulties with her former boyfriend Ogden at work. Any such testimony should be quite limited in scope, however, and should only be presented to provide necessary factual context in this case.

   5. Defendant's motion in limine [42-1] to exclude any "evidence, argument, and/or conduct regarding the opinions of plaintiff and/or her coworkers that her supervisors developed a 'conspiracy' or were otherwise attempting to 'get rid' of plaintiff"will be denied at this juncture. In the court's view, it is impossible to evaluate whether any opinions or perceptions which might be expressed by plaintiff or her former co-workers in this regard will exceed the scope of Fed. R. Evid. 701. This rule provides that lay witnesses may testify as to those "opinions or inferences" which are "rationally based on the perception of the witness" and which meet the other requirements set forth in the rule. The court will evaluate any lay opinion testimony at trial based upon the Rule 701 factors, and defendant's motion in limine will therefore be denied at this juncture. However, the motion is denied without prejudice to defendant's making specific

objections at trial.

6. Defendant's motion in limine [43-1] to "prohibit the introduction of evidence regarding alleged comparable violations of the Gold Strike's attendance policies" will be denied at this juncture, to the extent that the motion seeks a blanket prohibition of such evidence. The court will consider objections to the admissibility of any evidence of such violations on a case-by-case basis at trial, however, and it may well end up excluding some or all of such evidence. Defendant notes that some of the evidence relates to events that occurred prior to it assuming ownership and management responsibility for the facility, and the court agrees that this would tend to make the evidence less relevant. The court does not rule out the possibility that plaintiff could demonstrate that such evidence still had probative value, however, and the court therefore concludes that the better approach is to consider objections to any such evidence at trial. The court would advise plaintiff that she should be prepared to present actual proof regarding any such prior violations at trial and that she may not rely upon hearsay evidence to do so.

So ordered, this the 16th day of December, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**